IRVING, J„
for the Court:
¶ 1. Jerry E. Taylor initiated a confirmation of land title suit in the Chancery Court of Rankin County against the Pearl River Valley Water Supply District (Pearl River).[1] The lower court granted summary judgment in favor of Pearl River against Taylor and all defendants. Taylor and the other defendants have effectuated this appeal, claiming the summary judgment was granted in error. We disagree and affirm the judgment of the lower court.
FACTS
¶ 2. The dispute arises from a warranty deed executed by Linnie Burnett in 1962 conveying a tract of land to Pearl River. The deed conveyed to Pearl River land owned by Linnie Burnett in 1962, described as:
Commencing at the northwest corner of Section 32, Township 7 North, Range 3 East, and run thence North 89° 31' East 696 feet, thence South Io 13' East 150 feet, thence North 89° 31'. East 395 feet to the point of beginning of the land hereby described; from said point of beginning run North 89° 31' East 1270 feet, thence South to the North right of way line of the G.M. & 0. Railroad; thence southwesterly along said right of way line to the South line of the NW /4 of NW of said Section 32, thence North to the point of beginning; said land being also and further described as all that part lying North of the railroad right of way of the property described as a strip of land 280 feet in width off the East side of the NW % of NW \ and the Wz of NW y4 less a strip of land 330 feet in width off the East side thereof, less, however, a strip of land 150 feet in toidth off the North side thereof; containing 26.6 acres, more or less, in the N jé of NW y4 of Section 32, Township 7 North, Range 3 East, in Rankin County, Mississippi.
(emphasis added).
¶ 3. The conveyance also reserved unto the grantor “the right of use and occupancy of the dwelling house located on said land until the completion by grantee of the new road to be constructed on the north boundary of said property....”
¶4. Following Linnie Burnett’s death, Jerry E. Taylor, Louise E. Burnett, Tommie C. Marion, Eddie L. Burnett and Otis Burnett received through intestate succession the remainder of Linnie’s property which was the strip of land 150 feet in width reserved by Linnie in the conveyance to Pearl River. In 1984, these heirs partitioned the 150 feet wide strip of land among themselves. In 1995, each of them executed separate correction quitclaim deeds to themselves purporting to convey collectively the same 150 feet wide strip of land plus an additional thirty feet wide strip south of the 150 feet wide strip. This thirty feet wide strip comprised the area just north of where the new road was in fact constructed.
¶ 5. Initially, Taylor filed a motion for summary judgment alleging that there was no disputed issue of material fact. In response, Pearl River filed its own motion *316 for summary judgment. The chancellor ruled in favor of Pearl River, granting its motion for summary judgment with a finding that the 1962 deed was unequivocal and unambiguous in that only a 150 feet wide strip of land was excepted from the tract conveyed by Linnie to Pearl River.
ANALYSIS OF THE ISSUES PRESENTED
¶ 6. Taylor, although initially moving for a summary judgment and arguing that there was no genuine issue of material fact, now argues that the chancellor erred in granting summary judgment for Pearl River because a genuine issue of material fact does exist. Taylor argues that the deed from Linnie to Pearl River includes two distinct and conflicting descriptions of the land in question. The gist of the dispute is with the southern border of Lin-nie’s retained land and the northern boundary of the land conveyed by Linnie to Pearl River by warranty deed in 1962. Taylor admits that the metes and bounds description does in fact describe the southernmost boundary of Linnie’s retained land as 150 feet. However, Taylor argues that the “reservation of use language” describes the northern boundary of the land deeded to Pearl River as being one and the same as the location of the new road that was to be constructed on the property. As stated, the 1962 conveyance reserved unto Linnie, the grantor, “the right of use and occupancy of the dwelling house located on said land until the completion by grantee of the new road to be constructed on the north boundary of said property.”
¶ 7. The road, obviously, was not in existence at the time of the conveyance, but apparently preparations were being made for its construction. The appellant points out that the “reservation of use” language indicates that the road will be constructed on the northern boundary of the conveyed property. However, upon construction on the road some twenty years later, it was constructed approximately thirty feet south of the northern boundary of the property conveyed to Pearl River in 1962. Consequently, Taylor is now claiming rights to all lands north of what is now Fannin Landing Circle.[2] This claim increases the southern boundary of the property retained by Linnie by approximately thirty feet, or the overall width of the retained strip from 150 feet to 180 feet.
¶ 8. Ultimately, Taylor is asserting that because of these two descriptions or interpretations, the lower court erred in granting summary judgment to Pearl River. According to Taylor, a genuine issue of material fact does exist.
¶ 9. What is important here is that the language Taylor cites as the conflicting description contained within the “right of use clause” is just that, a right of use, not a right of title. The “right of use clause” does not change the boundaries as described in the 1962 deed. Pearl River points out and cites Whittington v. Whittington, 608 So.2d 1274, 1278 (Miss.1992), for the proposition that the mere fact that the parties disagree with the meaning of a deed does not in and of itself create ambiguity. We agree. The chancellor found that there was no ambiguity in the 1962 deed and that the correct width of the retained tract in the 1962 deed was 150 feet instead of 180. Our review of the deed convinces us that the chancellor was correct. Additionally, we find that the chancellor did not use an incorrect standard in making his detennination. Thus, we affirm the chancellor’s ruling of sum *317 mary judgment in favor of Pearl River against all appellants.
¶10. THE JUDGMENT OF THE CHANCERY COURT OF RANKIN COUNTY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE AP-PELLEE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., CONCUR.

. Pearl River answered the suit, counterclaimed against Jerry E. Taylor and joined Louise Burnett, Tommie C. Marion, Eddie L. Burnett and Otis Burnett as defendants.

. Fannin Landing Circle is the name of the road that was eventually constructed across the northern portion of the property that was conveyed by Linnie to Pearl River in 1962.